UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY A. BERRY,

    *Plaintiff*,

v.

JON A. VANALLSBURG,

    *Defendant*.

_____/

CASE NO. 15-CV-14380

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.**     **RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that this case be *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint fails to state a claim on which relief may be granted.

**II.**     **REPORT**

    **A.**     **Introduction**

On December 17, 2015, Plaintiff Timothy Berry, filed this *pro se* Complaint. (Doc. 1.) This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) for pretrial case management on December 21, 2015. (Doc. 4.) On December 23, 2015, Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted. (Doc. 6.) After screening the complaint, I conclude that the case is ready for Report and Recommendation.

Defendant is the Honorable Jon VanAllsburg, (Judge VanAllsburg) a state circuit judge in Ottawa County, Michigan. (Doc. 1.) Plaintiff appears to assert a federal civil rights claim

under 42 U.S.C. § 1983 for violation of his due process, equal protection, Sixth Amendment, and First Amendment rights. Plaintiff states the following claims (1) a violation of his Fourteenth Amendment right to due process when an Ex Parte Order was issued without just cause and his parental rights were revoked; (2) a violation of his Sixth Amendment right to be informed when evidence was not provided prior to a hearing; (3) a violation of his Sixth Amendment right when he was denied a trial by an impartial jury; (4) a violation of his Fourteenth Amendment right to equal protection when his request to submit video evidence was denied; (5) a violation of his First Amendment right to free exercise when he was found "'guilty' based upon religious beliefs and 'free exercise' of the expression of those religious beliefs;" and (6) a violation of his Fourteenth Amendment rights by the enforcement of state laws regarding child placement and custody which required plaintiff to speak and act against his religion. (Doc. 1, at Pg. ID 4-5.) Plaintiff seeks monetary relief, restoration of his custodial rights, invalidation of a November 23 order,[1] a federal investigation and conviction of those aiding and assisting Defendant, and the prosecution of Defendant. (*Id.* at Pg. ID 4-5.)

### B. Screening Procedure and Standards

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte*

---

[1] Plaintiff states that this order was "made against him," but does not provide any other details. (Doc. 1, at Pg. ID 6.)

dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action, it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**C.     Discussion**

I suggest that Plaintiff has failed to state a claim against Defendant Judge VanAllsburg because he was acting in his judicial capacity in a state court case over which he had jurisdiction, and therefore he enjoys immunity from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (stating that "[t]he Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983"). The absolute immunity of a judge

applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347, 20 L. Ed. 646 (1871)). Judicial immunity is overcome in only two situations. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11 (citations omitted). Since none of the exceptions to judicial immunity are alleged here, I suggest that Defendant VanAllsburg is protected from suit by absolute judicial immunity and that all claims against him should be dismissed.

### D. Conclusion

For the above reasons, I suggest that the Complaint should be *sua sponte* dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). See also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505 (6th Cir. 1991);

United States v. Walters, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(2)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 5, 2016                         S/ PATRICIA T. MORRIS
                                              Patricia T. Morris
                                              United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Timothy A. Berry at 3290 N. Meridian Road, Sanford, MI 48657.

Date: January 5, 2016                         By s/Kristen Krawczyk
                                              Case Manager to Magistrate Judge Morris

5